IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVE DINWIDDIE,
N-08328,

Petitioner,

    vs.

BARRY VAUGHAN and
BETH WEBER,

Respondents.                                  Case No. 16-cv-00156-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Steve Dinwiddie is currently confined at Big Muddy River Correctional Center as a sexually dangerous person ("SDP"). He has been in the custody of the Illinois Department of Corrections ("IDOC") since 1998 when his civil commitment trial was concluded in Jefferson County Circuit Court. Dinwiddie brings the present habeas corpus action (Doc. 1) pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition, the Court concludes that Dinwiddie has failed to exhaust all means of

available relief under state law. Accordingly, because the claims presented here have not been exhausted, federal habeas corpus review is premature.

## Background

This action represents Dinwiddie's sixth attempt to seek habeas relief pursuant to 28 U.S.C. § 2254 in this Court. The procedural history of petitioner's civil commitment as a sexually dangerous person, his subsequent challenges in state court, and his attempts to challenge his commitment in federal court were discussed in detail in this Court's order dismissing his fifth petition for habeas relief and need not be rehashed here. *See Dinwiddie v. Roeckeman*, Case No. 14-cv-01360-DRH (Doc. 7, Memorandum and Order dismissing case).

Dinwiddie's prior federal habeas petitions challenged his initial 1998 civil commitment proceeding as well as subsequent post-conviction proceedings. *See id*. at 5. Each of his prior federal habeas petitions were denied on the grounds that his claims were either time-barred, procedurally barred, or because he had not sought permission from the Seventh Circuit Court of Appeals to file a second or successive habeas petition. *Id*.

In the present action, Dinwiddie appears to be challenging a state habeas petition he filed on August 11, 2015 in the Second Judicial Circuit Court of Jefferson County, Illinois. (Doc. 1, p. 1). However, he concedes in the present federal habeas petition that his August 2015 state habeas petition has not yet been heard. *Id*. at 6. Dinwiddie contends that because the circuit court has failed to

take action on his August 2015 state habeas petition, this Court should step in and order a hearing. *Id*. at 7.

## Discussion

Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29, (2004); *O'Sullivan v. Boerkel,* 526 U.S. 838, 839 (1999). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before proceeding with a review of a petition for habeas corpus on its merits,

> [A] district court must make two inquiries – whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is "no," the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). This requirement stems from "the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems." *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000).

Under 28 U.S.C. § 2254, an exception to the exhaustion requirement may be made where circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii). "Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking

federal habeas corpus relief." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Thus, for example, where a petition for post-conviction relief "had lain dormant for nearly three and one-half years," the Seventh Circuit found a basis to excuse the exhaustion requirement, unless the state could show that the delay was justified. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir.1981). *See also Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (17 months' delay inordinate); *Jackson*, 112 F.3d at 878–79 (stating in *dicta* that the state's failure to take any action on a post-conviction petition for more than five years could provide grounds for excusing the exhaustion requirement). This Court, however, is not aware of any case, nor has Dinwiddie pointed to one, where a court found that a 6-month delay warranted an exception to the exhaustion requirement. In the present case, the Court finds that a six month delay does not justify excusing the exhaustion requirement.

In addition, Dinwiddie's request that this Court order the state court to take action on his state habeas petition is untenable. Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings unless "special circumstances" exist. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Such special circumstances are generally limited to issues of

double jeopardy and speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573. The Court finds no special circumstances in this case that would warrant federal interference in the pending state judicial proceeding.

Before this Court can even consider Dinwiddie's federal petition, he must exhaust all means of available relief under state law, which includes review of his claims through the entire Illinois appellate process, including the state's highest court. Only then can this Court consider Dinwiddie's federal habeas petition. Based on the foregoing discussion, the habeas petition (Doc. 1) shall be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

Should Dinwiddie desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a petitioner need not show that his appeal will

succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Dinwiddie has failed to exhaust all state remedies available, and therefore he is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Dinwiddie has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: March 5, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.03.05 08:39:47 -06'00'

**United States District Court**